IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAY OTERO, : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:04CV211 (DF) |
| : | |
| GEORGE VITO, D.P.M., FOOT & LEG : | |
| CENTERS OF GEORGIA, P.C., : | |
| SURGICAL CENTERS OF GEORGIA, : | |
| P.C., AND MIDDLE GEORGIA : | |
| HOSPITAL, L.L.C., : | |
| : | |
| : | |
| Defendants. : | |

**O R D E R**

Currently before the Court is an Emergency Motion to Dismiss or Delay Ruling on Plaintiff's Motion for Summary Judgment (tab 64) filed by Defendant Middle Georgia Hospital, LLC ("MGH").[1]  MGH asks the Court to dismiss or, at least, delay ruling on Plaintiff's Motion for Summary Judgment (tab 59) against Defendant MGH until sufficient discovery has been completed.  Plaintiff's motion seeks to establish the legal duty MGH owed Plaintiff, to hold MGH liable for breaching this duty, and to have MGH's breach of this duty found to be the cause of Plaintiff's injuries.  Defendant opposes the Court's consideration of Plaintiff's motion as premature, if not in its entirety than at least the portion of Plaintiff's motion relating to causation and damages.

---

[1] There are also a Motion to Strike (tab 49), a Motion for Summary Judgment (tab 59), and a motion for a protective order (tab 66) before the Court but none of these motions are addressed in this Order.

Georgia law sets forth that a "hospital must act in good faith and with reasonable care in the selection of a physician." **Joiner v. Mitchell County Hosp. Auth.**, 186 S.E.2d 307, 308 (Ga. Ct. App. 1971). Because of this duty to act in good faith, "a hospital has authority to examine the qualifications of any physician seeking staff privileges and to limit his or her practice to those procedures or areas it deems the physician qualified for, or to completely bar the physician from such practice because of incompetency, lack of qualifications, inexperience or recklessness." **Candler Gen. Hosp., Inc. v. Persaud**, 442 S.E.2d 775, 777 (Ga. Ct. App. 1994). After considering its prior holdings and those of other jurisdictions, the Georgia Court of Appeals held in **Persaud**, that hospitals "owe a duty to [patients] to act in good faith and with reasonable care to ensure that the surgeon [is] qualified to practice the procedure which he was granted privileges to perform." **Id.** at 778. Evidence of negligence in granting staff privileges has been found when the physician at issue had staff privileges denied or curtailed at other hospitals and from prior malpractice claims. **Id.** (citing **Johnson v. Misericodria Cmty. Hosp.**, 301 N.W.2d 156 (Wis. 1981); **Elam v. College Park Hosp.**, 183 Cal. Rptr. 156 (Cal. Ct. App. 1982)).

Given this duty imposed upon it, Defendant MGH opposes having to respond to Plaintiff's motion for summary judgment without having completed discovery. Defendant MGH highlights that no depositions have been taken, it has not had the opportunity to identify its own experts, and that it has not been able to question or probe Plaintiff's allegations. Because of this situation, Defendant argues that it should be afforded the opportunity to discover necessary information prior to consideration of Plaintiff's motion for summary judgment. The law in this circuit has clearly established that "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete

discovery prior to consideration of the motion." **Jones v. City of Columbus**, 120 F.3d 248, 253 (11th Cir. 1997). The adequate opportunity should provide the non-moving party the chance to conduct "sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." **Id.** And, should the Court think the materials the non-movant might discover "relevant to the issues presented by the motion for summary judgment," then the non-movant "should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." **Snook v. Trust Co. of Ga. Bank of Savannah, N.A.**, 859 F.2d 865, 870-71 (11th Cir. 1988). There is little doubt that expert testimony, Plaintiff's deposition, an examination of the credentialing process, and a review of the documents involved would assist Defendant MGH in rebutting Plaintiff's motion. Even though it "is not required to await completion of discovery before ruling on a motion for summary judgment," the Court must ensure that the parties have conducted adequate discovery. **Fla. Power and Light Co. v. Allis Chalmers Corp.**, 893 F.2d 1313, 1316 (11th Cir. 1990). Consequently, the Court will delay considering Plaintiff's motion until Defendant has an opportunity to engage in sufficient discovery.

The scheduling of this action is complicated, as it is dependent upon the resolution of two companion declaratory judgment actions also pending before the Court, *Professional Underwriters Liability Insurance Co. v. George R. Vito, D.P.M., Foot and Leg Centers of Central Georgia, P.C., and Jay Otero*, 5:04CV331, and *Professional Underwriters Liability Insurance Co. v. George R. Vito, D.P.M., Foot and Leg Centers of Central Georgia, P.C., and Gurjit Dhillon*, 5:04CV385. Pursuant to the joint scheduling order entered in all three cases, discovery is not to commence in this action until the Court has ruled on the summary judgment motions in the declaratory judgment actions. The

summary judgment motions in the declaratory judgment actions are pending before the Court and are soon to receive the Court's attention.  Upon the entry of the Court's order on the summary judgment motions in the declaratory judgment actions, the parties in this matter should confer and develop a discovery plan.  The discovery plan should be presented to the Court within twenty days from the entry of the order on the summary judgment motions in the declaratory judgment actions.  The Court would hope that discovery could be completed quickly.  Plaintiff need not re-file his motion for summary judgment, the Court will just delay ruling on said motion until discovery is complete.  In keeping with the normal briefing schedule, Defendant should file its response to Plaintiff's summary judgment motion within twenty days of the close of discovery and Plaintiff will have ten days thereafter to file his reply.

Accordingly, Defendant's Emergency Motion to Dismiss or Delay Ruling on Plaintiff's Motion for Summary Judgment is **GRANTED** subject to the terms laid out above.

SO ORDERED, this 8th day of June, 2005.

<u>**s/Duross Fitzpatrick**</u>
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has