IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAY OTERO, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:04CV211 (DF) |
| : | |
| GEORGE VITO, D.P.M., FOOT & LEG : | |
| CENTERS OF GEORGIA, P.C., : | |
| SURGICAL CENTERS OF GEORGIA, : | |
| AND MIDDLE GEORGIA HOSPITAL, : | |
| LLC, : | |
| : | |
| Defendants. : | |

**O R D E R**

Defendant Middle Georgia Hospital ("MGH") has filed a Motion to Strike (tab 49) paragraph 185 and portions of paragraphs 198 and 199 of Plaintiff's Amended Complaint (tab 46).  Pursuant to Rule 12(f), the Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f) (West 2005). Defendant asserts that the paragraphs at issue contain impertinent and scandalous information.

Because it is a drastic remedy, "a motion to strike is . . . disfavored by the courts." **Agan v. Katzman & Korr, P.A.**, 328 F. Supp.2d 1363, 1367 (S.D. Fla. 2004) (citing **Thompson v. Kindred Nursing Centers East, LLC**, 211 F. Supp.2d 1345, 1348 (M.D. Fla. 2002).  To avoid the imposition of a drastic remedy, "[m]otions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* at 1367 (internal citations omitted).  Motions to strike

have long been disfavored by courts, and are equally disliked by this Court. *See* **United States v. S. Motorcarriers Rate Conference, et al.**, 439 F. Supp. 29, 39 (N.D. Ga. 1977); *see also* **Poston v. Am. President Lines, Ltd.**, 452 F. Supp. 568, 570-71 (S.D. Fla. 1978).

Defendant asks the Court to strike paragraph 185, which reads: "Before the surgery on Plaintiff Otero, Defendant Hospital and Defendant Vito were represented by the same law firm in the action filed by Sabih Kalidy." Then, in paragraphs 198 and 199, Defendant asks the Court to strike the phrase "by and through its agents and counsel." According to MGH, the inference from paragraph 185 and the phrase in paragraphs 198 and 199 is that trial counsel for Defendants Vito and MGH in the Kalidy action shared with each other, and their respective clients, information sufficient to establish liability against MGH in this action. MGH disputes the suggestion of improper communications between trial counsel who work in the same law firm and the imputation of knowledge to their clients from these improper communications.

The presence of an earlier medical malpractice action is relevant to establishing MGH's negligence in credentialing Dr. Vito to perform the leg-lengthening procedure on Plaintiff Otero. *See* **Candler Gen. Hosp. v. Persaud, et al.**, 442 S.E.2d 775, 778 (Ga. Ct. App. 1994) (stating that hospitals owe an independent duty to patients to ensure physicians are qualified for the privileges they are granted and that hospital's knowledge of prior malpractice claims is evidence of negligence). Thus, the existence of the Kalidy action is pertinent to this suit brought by Otero. Plaintiff has introduced the fact that defense counsel in the Kalidy action work in the same law firm to imply that MGH, through counsel, was made privy to Dr. Vito's thoughts, impressions, and understandings. Imputing Dr.

Vito's knowledge to MGH would no doubt aid Otero in establishing his claim for negligent credentialing against MGH.  But, the thoughts, impressions, and information Dr. Vito communicated to his counsel in defending against the Kalidy action are protected by the attorney-client privilege and therefore are not subject to being presented to the Court.  *See* **Cox v. Adm'r U.S. Steel & Carnegie**, 17 F.3d 1386, 1414 (11th Cir. 1994) (stating that attorney-client privilege protects client's disclosures to attorney that are made to secure legal advice or assistance).  Consequently, who represented Defendants Vito and MGH in the Kalidy action should be struck from the amended complaint as impertinent since any information resulting from the representation of Defendants Vito and MGH in the Kalidy action is protected by the attorney-client privilege and not able to be discovered or presented at trial.  *See* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990); *see also* 2 James Wm. Moore, et al., Moore's Federal Practice, § 12.37 [3] (Matthew Bender 3d ed. 2004) (defining impertinent as irrelevant and non-responsive).

Additionally, the phrase "by and through its agent and counsel" that is found in paragraphs 198 and 199 is also impertinent.  Paragraphs 198 and 199 allege MGH's level of awareness prior to Otero's surgery, and suggest that MGH was made aware of Dr. Vito's actions because the parties were co-defendants in the Kalidy action.  Otero may prove MGH's knowledge and awareness of this matter, but he cannot discover or prove what information was shared with MGH by counsel during or as a result of the Kalidy action.  *See* **United States v. Almedia**, 341 F.3d 1318, 1323 (11th Cir. 2003) ("confidential communications made during joint defense strategy sessions are privileged") (citing

***Wilson P. Abraham Const. Corp. v. Armco Steel Corp.***, 559 F.2d 250, 253 (5th Cir. 1977)).

Furthermore, paragraph 185 and the contested phrase in paragraph 198 and 199 can also be characterized as scandalous. Matter is characterized as scandalous when it casts someone in a derogatory light. *See* Wright & Miller § 1382. Plaintiff implies that Kalidy trial counsel violated ethical obligations to their clients – namely that Dr. Vito's counsel divulged confidences he shared with counsel to trial counsel for MGH. *See* Georgia Rules of Prof'l Conduct R. 1.6 (2001) (highlighting that lawyer owes duty of confidentiality to client with few exceptions). A statement insinuating an ethical violation is derogatory and must be struck.

According to the foregoing reasoning, Defendant MGH's Motion to Strike is **GRANTED** and paragraph 185 of Plaintiff's Amended Complaint is ordered struck and the phrase "by and through its agents and counsel" is ordered struck from paragraphs 198 and 199 of Plaintiff's Amended Complaint. Plaintiff is directed to file a revised Amended Complaint that complies with the Court's instructions contained within this Order. Pursuant to the entry of this Order, Defendant MGH's Motion for Oral Argument (tab 77) is rendered **MOOT**.

SO ORDERED, this 15th day of June, 2005.

                                                          **s/ Duross Fitzpatrick**
                                                          DUROSS FITZPATRICK, JUDGE
                                                          UNITED STATES DISTRICT COURT

DF/has