IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAY OTERO, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | 5:04-CV-211 (DF) |
| | : | |
| GEORGE VITO, D.P.M., FOOT & | : | |
| LEG CENTERS OF GEORGIA, P.C., | : | |
| SURGICAL CENTERS OF | : | |
| GEORGIA, P.C., and MIDDLE | : | |
| GEORGIA HOSPITAL, L.L.C., | : | |
| | : | |
|     Defendants. | : | |

**O R D E R**

**I.   INTRODUCTION**

Before this Court is Defendant Middle Georgia Hospital's Motion to Exclude Testimony (doc. 180), and Rule 56(f) Motion for Extension of Time (doc. 177).  Defendant seeks to exclude the affidavit testimony of Plaintiff Jay Otero's proposed experts: Arthur S. Shorr, Frederick C. Flandry, M.D., and Dror Paley, M.D.  Plaintiff submitted these affidavits in support of his response (doc. 174) to Defendant's summary-judgment motion.

Also before this Court is Defendant's Motion for Permission to File Surreply (doc. 186).  The Court will address the merits of each motion below.

1

## II.     LEGAL DISCUSSION

### A. Motion to Exclude Testimony

Defendant seeks to exclude the affidavit testimony of Plaintiff's proposed experts, claiming the experts are unqualified and their opinions are unreliable. (Def.'s Mem. Supp. Mot. Exclude, doc. 181, at 8, 16.)  Although Plaintiff filed these affidavits in opposition to Defendant's summary-judgment motion, Plaintiff asserts that he does not need to rely on these affidavits to support his motion for partial summary judgment.  (Pl.'s Resp. Def.'s Mot. Exclude, doc. 183, at 7, 23, 24.)  Rather, Plaintiff insists that the affidavits "were filed only in response [sic] MGH's Motion for Summary Judgment and only for Plaintiff to present a full record.  Plaintiff believes that the Hospital's Motion is due to be denied even without these affidavits." (Pl.'s Resp., doc. 183, at 2.)

While Defendant presents cognizable arguments for excluding the affidavits of Plaintiff's experts, the Court need not address those arguments here because: (1) Plaintiff does not seek to rely on these affidavits; and (2) the affidavits are cumulative of evidence already in the record.

Federal Rule of Civil Procedure 56(e) requires affidavits to "set forth such facts *as would be admissible in evidence. . . .*"  Fed. R. Civ. P. 56(e) (West 2005) (emphasis added).  To be admissible, evidence must, at minimum, be relevant. Fed. R. Evid. 401 (West 2005).  Yet, even relevant evidence may be excluded if the proposed evidence would invite, among

other things, "the needless presentation of cumulative evidence." Fed. R. Evid. 403. A district court "retains considerable latitude" in excluding repetitious or cumulative evidence. *Hamling v. United States*, 418 U.S. 87, 127 (1974).

The affidavits attached to Plaintiff's response are needlessly cumulative. Plaintiff has already submitted Dr. Paley's and Dr. Flandry's affidavits in support of his summary-judgment motion and complaint, respectively. *(See* Flandry Aff., Compl., doc. 1, Ex. B; Paley Aff., Pl.'s Mem. Supp. Mot. Summ. J., doc. 61, Ex. C). The conclusions reached by both doctors in their second affidavits are materially similar to the conclusions reached by these doctors in their initial affidavits. And, although Mr. Shorr's affidavit was submitted for the first time with Plaintiff's response, his testimony is also cumulative because he addresses the same issues and reaches the same conclusions that Dr. Paley and Dr. Flandry did in their affidavits. Moreover, the Court is not convinced that Mr. Shorr is better qualified than these gentlemen to render these opinions—particularly because Mr. Shorr is not a medical doctor. *See **Tran v. Toyota Motor Corp.***, 420 F.3d 1310, 1315 (11th Cir. 2005).

In sum, because the affidavits are cumulative, and because Plaintiff does not rely on them to support his summary-judgment motion, the affidavits of Dr. Paley, Dr. Flandry and Mr. Shorr are hereby excluded. The Court has all the information it needs to render a decision on the parties' cross-motions for summary-judgment. The exclusion of these

affidavits will eliminate the need for more costly and fruitless discovery at this stage of the proceedings. For these reasons, Defendant's Motion to Exclude Testimony (doc. 180) is hereby **GRANTED**.

**II. Rule 56(f) Motion for Extension of Time to File Reply**

On February 10, 2006, Defendant filed a Rule 56(f)[1] Motion requesting that this Court stay its consideration of the parties' cross-motions for summary judgment "until such time as sufficient discovery has been conducted." (Def.'s R. 56(f) Mot., doc. 177, at 1.) Defendant's request for additional discovery was based on its assumption that the Court would consider the affidavits of Plaintiff's experts at the summary-judgment stage.[2] Because this Court granted Defendant's motion to exclude, Defendant no longer needs additional discovery, nor does it need additional time to file its reply. Accordingly, Defendant's Rule 56(f) Motion is hereby **DENIED**. <u>Defendant shall have 11 days from the date of this Order to submit its reply</u>.

---

[1] Rule 56(f) of the Federal Rules of Civil Procedure provides:
> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for the reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (West 2005).

[2] Pursuant to this Court's order dated February 13, 2006, Defendant's deadline to file a reply to Plaintiff's response to Defendant's summary-judgment motion was stayed pending the resolution of Defendant's motion to exclude.

**III. Motion for Permission to File Surreply**

On February 27, 2005, Defendant moved for permission to file a surreply brief in opposition to Plaintiff's summary-judgment motion (Def.'s Mot. Surreply, doc. 186). Defendant wishes to file a surreply brief highlighting the recent deposition testimony of one of its witnesses, Dr. John Ruch, and the significance of his testimony in light of the parties' cross-motions for summary judgment.

Surreply briefs are "not favored" in the Middle District of Georgia. M.D. Ga. R. 7.3.1(b). If a party wishes to file a surreply brief, he or she must request permission to do so within seven business days "of the filing of the brief to which reply is desired." M.D. Ga. R. 7.3.1(c).

Defendant concedes that it did not request permission to file a surreply within the seven-day deadline imposed by Local Rule 7.3.1(c). (Def.'s Mot. Surreply, doc. 186, ¶ 2.) Although this Court maintains the discretion to allow Defendant to file an out-of-time surreply, it will not exercise its discretion to do so in this case. The new arguments that Defendant wishes to present in its surreply are not colorable, and would be of little assistance to the Court at this stage of the proceedings. Accordingly, because Defendant's request for permission to file a surreply brief (doc. 186) was untimely, this motion is hereby **DENIED**.[3]

---

[3] Even if Defendant's request to file a surreply was timely filed, the Court still would have denied this request because it is not altogether clear that Dr. Ruch's testimony would even be admissible under

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Exclude Testimony (doc. 180) is hereby **GRANTED**, Defendant's Rule 56(f) Motion (doc. 177) is hereby **DENIED**, and Defendant's Motion for Permission to File Surreply (doc. 186) is hereby **DENIED**.

SO ORDERED, this 20th day of March, 2006

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab

---

Federal Rule of Evidence 702.  *See* Fed. R. Civ. P. 56(e).