IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAY OTERO, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :   5:04-CV-211 (DF) |
| | : |
| GEORGE VITO, D.P.M., FOOT & | : |
| LEG CENTERS OF GEORGIA, P.C., | : |
| SURGICAL CENTERS OF | : |
| GEORGIA, P.C., AND MIDDLE | : |
| GEORGIA HOSPITAL, L.L.C., | : |
| | : |
| Defendants. | : |

**O R D E R**

Before this Court is Defendant Middle Georgia Hospital's Motion to Certify An Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) And To Stay Proceedings (doc. 207). Defendant Middle Georgia Hospital ("Hospital") seeks "an order granting certification for an immediate appeal of this Court's April 4, 2006 Order which, among other things, granted Plaintiff's Motion for Partial Summary Judgment on liability against MGH." (Def.'s Mot. Certify, doc. 207, at 1.) For the reasons stated below, the Hospital's motion is **DENIED**.

1

According to 28 U.S.C.A. § 1292(b), a district court shall certify a non-final order for interlocutory appeal when the order involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C.A. § 1292(b) (West 2005).

**1. Controlling Question of Law**

Proper certification of an order for interlocutory appeal under § 1292(b) hinges upon "the distinction between a question of law, which will satisfy § 1292(b), and 'a question of fact or matter for the discretion of the trial court.'" *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Garner v. Wolfinbarger*, 430 F.2d 1093, 1096-97 (5th Cir. 1970)).[1]  Under § 1292(b), "[t]he term 'question of law' does not mean the application of settled law to fact." *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Rather, Congress intended "question of law" under § 1292(b) to mean "an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin*, 381

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down before October 1, 1981.

F.3d at 1258 (quoting *Ahrenholz*, 219 F.3d at 676). In fact, "the antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 1259.

On April 4, 2006, this Court granted Plaintiff Jay Otero ("Otero") partial summary judgment, holding that the Hospital's decision to credential Dr. Vito to perform an illegal surgery on Otero was negligent as a matter of law. (Order, doc. 205.) The Hospital argues that the negligence-per-se issue is a "controlling issue of law" because "[i]f this Court's holding that MGH is liable based on this newly created theory of strict liability applied retroactively to MGH were found to be erroneous, it would be reversible error on appeal and would materially affect the outcome of this litigation." (Def.'s Mem. Supp. Mot. Certif., doc. 208, at 4-5.) Otero claims that there is no controlling issue of law present for two reasons. First, "[w]hile the Court's determination was a purely 'legal issue,' it does not control all aspects of this matter." (Pl.'s Br. Opp. Def.'s Mot. Certif., doc. 209, at 3-4.) Second, "[t]he Court applied settled law to find MGH liable." (Pl.'s Br. 4.)

The negligence-per-se issue resolved by the Court in its April 4 Order is not a controlling question of law for purposes of § 1292(b). While a Georgia appellate

court has yet to address this precise issue, there is a sufficient body of case and statutory law on the subject, which the Court carefully reviewed before rendering its decision. Yet, the Hospital claims that the Court's decision "effectively established a new form of retroactive strict liability for negligent credentialing." (Def.'s Mem. 2.) The Court disagrees. The Hospital is liable in this case because they credentialed a podiatrist to perform a surgery that he was not legally authorized to perform—a surgery that the Georgia Court of Appeals determined to be clearly prohibited by terms of the Georgia Podiatry Act. *See **Vito v. Dhillon**,* 605 S.E.2d 602, 605 (Ga. Ct. App. 2004). Therefore, because the Court's decision was based on settled statutory and case law, and did not establish a new cause of action, the Court hereby finds that the controlling-question requirement has not been met.

Notwithstanding the Court's foregoing determination, certification would still be improper in this case because the Hospital is unable to meet the final requirement for certification under § 1292(b).

**2. Material Advancement**

The Hospital contends that appellate review of the April 4 Order "now, as opposed to after submission of evidence concerning damages to a jury and painstaking examination of that evidence, will greatly benefit the parties and this

Court." (Def.'s Mem. 10.) Otero submits that, in light of the numerous claims he has pending against the Hospital and the other defendants, certification would "only unnecessarily expand the litigation. . . ." (Pl.'s Br. 4, 6.)

Section 1292(b) requires a district court to find that resolution of a "controlling question of law . . . may materially advance the ultimate termination of the litigation." *McFarlin*, 381 F.3d at 1259. "This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* (citing *In re Va. Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) (Section 1292(b) appeal appropriate when resolution of controlling question could prevent substantial delay)).

Even if the Court assumes that there is a controlling question of law in this case, an immediate appeal will not materially advance the ultimate termination of the case, nor will it promote judicial economy. The Court is aware that there is a possibility that the April 4 Order could be reversed on appeal following a "full trial on the issue of damages, with multiple experts and fact witnesses," and that the parties then would "have to re-try the entire case on liability and damages." (Def.'s Mem. 9, 10.) The Court also knows, however, that Otero's negligent-credentialing

claim against the Hospital is only one of several claims he has alleged, and the Hospital is only one of a number of defendants involved in this litigation.  As such, the Court is quite certain that certifying the negligent-credentialing issue under § 1292(b) would not serve to avoid a trial, and would not otherwise substantially shorten the litigation.

Accordingly, Defendant Middle Georgia Hospital's Motion to Certify an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) And To Stay Proceedings (doc. 207) is hereby **DENIED**.

SO ORDERED, this 10th day of May, 2006.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab