IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAY OTERO, : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 5:04-CV-211 (DF) |
| : | |
| GEORGE VITO, D.P.M., FOOT & LEG : | |
| CENTERS OF GEORGIA, P.C., : | |
| AND MIDDLE GEORGIA : | |
| HOSPITAL, L.L.C., : | |
| : | |
| : | |
| Defendants. : | |

**O R D E R**

**I.   INTRODUCTION**

This matter is before the Court on a Motion for Reconsideration (doc. 260) filed by Plaintiff Jay Otero ("Plaintiff") on September 12, 2006. Plaintiff seeks reconsideration of the portion of the Court's Order dated September 5, 2006 (doc. 258) granting summary judgment in favor of Defendant Dr. George Vito on Plaintiff's battery claim.

**II.   PROCEDURAL BACKGROUND**

On December 15, 2005, Plaintiff filed a Motion for Partial Summary Judgment (doc. 135), seeking to hold Dr. Vito liable for the unauthorized practice of medicine and battery. On September 5, 2006, the Court entered an Order (doc. 258) granting Plaintiff's summary-judgment

1

motion as to his unauthorized practice of medicine claim, but denying Plaintiff's motion as to his battery claim. As the Court noted in the September 5 Order, because Plaintiff consented to the leg-lengthening procedure at issue in this case, the only way for Plaintiff to prevail on his battery claim was to establish that Dr. Vito obtained Plaintiff's consent by fraudulent misrepresentation. (Order, doc. 258, at 8-9.) To establish that Dr. Vito fraudulently induced Plaintiff's consent to the surgery, Plaintiff was required to offer, among other things, proof of Dr. Vito's scienter. (Id. at 9.) Because Plaintiff offered no proof of scienter to support his battery claim, the Court granted summary judgment in Dr. Vito's favor on that claim.[1] (Id. at 10.) Shortly thereafter, Plaintiff filed his Motion for Reconsideration, arguing that the Court's disposition of his battery claim was clearly erroneous because the Court "did not consider whether or not Plaintiff was permitted to consent under the [Georgia Medical Consent] law, nor the actual evidence of scienter in this case." (Pl.'s Mot. Recons., doc. 260, at 1.) Defendants submit that Plaintiff's Motion for Reconsideration should be denied because the motion is based on arguments and evidence that Plaintiff should have raised in his summary-judgment motion. (Defs.' Resp. Pl.'s Mot. Recons., doc. 269, at 2.)

### III.  LEGAL DISCUSSION

Because Plaintiff's Motion for Reconsideration was filed within ten days of the Court's September 5 Order, the Court construes Plaintiff's motion as one filed pursuant to Rule 59(e) of

---

[1] Because Plaintiff presented no summary-judgment evidence to support his battery claim, the Court, on its own initiative, granted summary judgment in Dr. Vito's favor on that claim. (Order, doc. 258, at 10, citing *Celotex Corp v. Catrett*, 477 U.S. 317, 326 (1986)).

the Federal Rules of Civil Procedure. *See* **Finch v. City of Vernon**, 845 F.2d 256, 258-59 (11th Cir. 1988). Rule 59(e) permits parties to file a motion to alter or amend a judgment of the Court within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." **Am. Home Assur. Co. v. Glenn Estess & Assocs.**, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Generally, a Rule 59(e) motion will be granted on one of the following grounds only: "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice." **United States v. Battle**, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). "New evidence," for purposes of a Rule 59(e) motion, is evidence that was "not available *during the pendency of the motion*." *See* **Mays v. U.S. Postal Serv.**, 122 F.3d 43, 46 (11th Cir. 1997) (emphasis added). Moreover, "[m]otions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued." **O'Neal v. Kennamer**, 958 F.2d 1044, 1047 (11th Cir. 1992) (citing **Lussier v. Dugger**, 904 F.2d 661, 667 (11th Cir. 1990)). "Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" ***Id.***

In his Motion for Reconsideration, Plaintiff argues that he is entitled to summary judgment on his battery claim because, under O.C.G.A. § 31-9-6(d), he could not legally consent to an unlawful surgery. (Pl.'s Mot. Recons. 2.) In a footnote immediately following this assertion, however, Plaintiff admits that he did not present this argument in his summary-judgment motion.

3

(Id. at n.1.)  In the alternative, Plaintiff contends that the Court should reverse its entry of summary judgment against him on his battery claim because "there is ample evidence *now* in the record to satisfy the scienter requirement, *though Plaintiff concedes that most of the evidence was developed after Plaintiff filed the original motion nine months ago*."[2]  (Id. at 3.; emphasis added.)

By his own admission, the arguments and evidence Plaintiff advanced in his Motion for Reconsideration could, and should, have been presented either in his summary-judgment motion or by supplemental brief during the pendency of the motion.  In light of Plaintiff's admitted failure to properly support his Motion for Partial Summary Judgment (doc. 135), Plaintiff's Motion for Reconsideration (doc. 260) is hereby **DENIED**.  *See **Mays***, 122 F.3d at 46; ***O'Neal***, 958 F.2d at 1047.

SO ORDERED, this 13th day of November, 2006.

/s/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

CAR/jab

---

[2] All of the evidence Plaintiff submitted in support of his Motion for Reconsideration was available either before he filed his Motion for Partial Summary Judgment, or arose during the pendency of that motion; none of the evidence arose <u>after</u> the Court granted Dr. Vito summary judgment on Plaintiff's battery claim.  (*See* Pls.' Mot. Recons., doc. 260, Ex.'s D-H.)