THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAY OTERO,                                    :
                                              :
        Plaintiff,                            :
                                              :        Civil Action
v.                                            :        No. 5:04-cv-211 (CAR)
                                              :
GEORGE R. VITO, and FOOT & LEG                :
CENTERS OF GEORGIA, P.C.,                     :
                                              :
        Defendants.                           :
_____              :

## _ORDER ON MOTION FOR ATTORNEY'S FEES_

Plaintiff has moved the Court to award attorney's fees in the amount of $94,378.81 for his efforts to collect the judgment in this case. On May 11, 2007, the Court entered judgment against Defendants under the Georgia RICO Act, in the amount of $3,970,967.72. Defendants failed to satisfy or attempt to satisfy the judgment, thus requiring Plaintiff to undertake diligent efforts to discover Defendants' assets and collect judgment. As part of these efforts, Plaintiff's trial attorneys engaged the services of Richard S. Alembik, an attorney with extensive experience in post-judgment collections. Plaintiff now seeks an award to compensate for fees he has paid for Mr. Alembik's services.

Under the Georgia RICO Act, courts are authorized to award reasonable attorneys's fees and costs for investigation and litigation litigated to the collection of judgments. See Dee v. Sweet, 268 Ga. 346, 351 (1997). The Court must determine attorneys's fees according to "prevailing market rates in the relevant community for 'lawyers of reasonably comparable skill, experience, and reputation.'" Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Blum v. Stenson, 465

1

U.S. 886, 895 n. 11 (1984)).  The Court has reviewed the affidavit of Mr. Alembik and the supporting documentation, and finds that his efforts and the hours expended have been reasonable, given the complexity of the case and the lack of cooperation from the Defendants.  The Court further finds that Mr. Alembik's rate of $225 per hour is reasonable for an attorney of his experience practicing in the Macon, Georgia area.  The rates stated as to associate attorneys and paralegal support, however, are somewhat excessive for this market.  In the Macon market, a more reasonable rate for associates with approximately three years of experience would be $150 per hour.  For paralegal services of this type, the prevailing rate is $75 per hour.

Wherefore, the Motion for Attorney's Fees (Doc. 464) is **GRANTED**, with Plaintiff to be awarded for the hours set forth in Mr. Alembik's affidavit, at the rates set forth above.  Plaintiff is directed to prepare and submit a modified bill reflecting the revised hourly rates for associates and paralegal services.

**SO ORDERED**, this 22nd day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

chw